

Search for Cases by:  Select Search Method...

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print          GrantedPublicAccess  Logoff SUPER_COOP

**1922-CC12255 - GRETCHEN HAND V ST LOUIS COLLEGE OF PHARMACY (E-CASE)**

FV | Hide Viewer

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**11/16/2020**  ☐ Jury Trial Scheduled
  Scheduled For: 01/19/2021;  9:00 AM ;  REX M BURLISON;  City of St. Louis

☐ Hearing Continued/Rescheduled
  Hearing Continued From: 11/16/2020;  9:00 AM Jury Trial

**11/02/2020**  ☐ **Corporation Served**
  Document ID - 20-SMCC-14782; Served To - ST LOUIS COLLEGE OF PHARMACY; Server - R PHILLIPS, SERVICE DEPUTY; Served Date - 30-OCT-20; Served Time - 14:15:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - ERIC KNOLL/ V P OF OPERATIONS

**10/20/2020**  ☐ **Pluries Summons Issued**
  Document ID: 20-SMCC-14782, for ST LOUIS COLLEGE OF PHARMACY.

**09/29/2020**  ☐ **Pluries Summons Requested**
  REQUEST TO RE-ISSUE SUMMONS.
     Filed By: DANIEL FRANCIS HARVATH
     On Behalf Of: GRETCHEN HAND

**09/28/2020**  ☐ Jury Trial Scheduled
  Associated Entries: 11/16/2020 - Hearing Continued/Rescheduled
  Scheduled For: 11/16/2020;  9:00 AM ;  REX M BURLISON;  City of St. Louis

☐ Hearing Continued/Rescheduled
  Hearing Continued From: 09/28/2020;  9:00 AM Jury Trial

**08/03/2020**  ☐ Jury Trial Scheduled
  Associated Entries: 09/28/2020 - Hearing Continued/Rescheduled
  Scheduled For: 09/28/2020;  9:00 AM ;  REX M BURLISON;  City of St. Louis

☐ Hearing Continued/Rescheduled
  Hearing Continued From: 08/03/2020;  9:00 AM Jury Trial

**05/19/2020**  ☐ Jury Trial Scheduled
  Associated Entries: 08/03/2020 - Hearing Continued/Rescheduled
  Scheduled For: 08/03/2020;  9:00 AM ;  REX M BURLISON;  City of St. Louis

☐ Hearing Continued/Rescheduled
  Supreme Court Order of 05/04/20. Cause cont. and re set to 08/03/20 rolling trial docket. So Ordered: Rex Burlison, Judge
     Hearing Continued From: 06/22/2020;  9:00 AM Jury Trial

| | | |
|---|---|---|
| **12/31/2019** | ☐ | **Jury Trial Scheduled** |
| | | **Associated Entries:** 05/19/2020 - Hearing Continued/Rescheduled ➕ |
| | | **Scheduled For:** 06/22/2020;  9:00 AM ;  REX M BURLISON;  City of St. Louis |
| **12/17/2019** | ☐ | **Summons Issued-Circuit** |
| | | Document ID: 19-SMCC-23142, for ST LOUIS COLLEGE OF PHARMACY. |
| **12/16/2019** | ☐ | **Filing Info Sheet eFiling** |
| | | **Filed By:** DANIEL FRANCIS HARVATH |
| | ☐ | **Pet Filed in Circuit Ct** |
| | | PLAINTIFFS PETITION FOR DAMAGES; EXHIBIT A. |
| | | **Filed By:** DANIEL FRANCIS HARVATH |
| | | **On Behalf Of:** GRETCHEN HAND |
| | ☐ | **Judge Assigned** |

**IN THE CIRCUIT COURT OF ST. LOUIS CITY,
STATE OF MISSOURI**

| | |
|---|---|
| **GRETCHEN D. HAND,** ) | |
| ) | |
| **Plaintiff,** ) | **CASE NO.** |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| **ST. LOUIS COLLEGE OF PHARMACY,** ) | SERVE DEFENDANT: |
| ) | 9502 WATERFORD OAKS BLVD. |
| **Defendant.** ) | WINTERHAVEN, FL 33884 |

**PETITION FOR DAMAGES**

Plaintiff Gretchen D. Hand, for her Complaint against Defendant St. Louis College of Pharmacy, states as follows:

**The Parties**

1. Plaintiff Gretchen D. Hand is currently a citizen of the State of Florida. Ms. Hand formerly resided in St. Louis, Missouri, and was a resident of St. Louis at all times relevant to this lawsuit.

2. Defendant St. Louis College of Pharmacy ("SLCOP" or "Defendant") is a Missouri secondary education institution, having its principal place of business in St. Louis, Missouri, at: 4588 Parkview Pl., St. Louis, MO 63110.

**Nature of the Action**

3. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") to remedy the illegal and discriminatory adverse employment actions taken by Defendant against Plaintiff in which Defendant created, maintained, and subjected Plaintiff to a hostile and discriminatory work environment, wherein which she was repeatedly harassed and discriminated against because of her sex, age, and, especially, her medical condition – namely, her

Plaintiff's high-risk pregnancy.

4. Defendant's pattern of hostile work environment discrimination culminated with Plaintiff's being constructively discharged from her employment in March of 2019, being forced to quit her job due to being physically and mentally unable to continue to endure Defendant's pernicious and wanton discrimination.

5. Although a number of different circumstances are discussed in greater detail herein, all of the events following Plaintiff's revelation of her pregnancy to Defendant were part of an ongoing pattern and practice of hostile work environment discrimination beginning immediately after Plaintiff revealed her pregnancy and continuing up to and including her wrongful constructive discharge. In other words, the acts of discrimination described *infra* were not merely discrete events of discrimination; rather, they also serve as examples of the on-going discriminatory behavior creating the hostile work environment ultimately causing Plaintiff's constructive discharge.

## Jurisdiction and Venue

6. Jurisdiction and venue is proper in this Court because the events giving rise to Plaintiff's claims occurred in this judicial circuit and Defendant is located in this circuit.

7. Plaintiff brings her federal and state statutory claims on a timely basis pursuant to the procedural requirements of the Equal Employment Opportunity Commission (the "EEOC") in that on September 26, 2019, the U.S. Equal Employment Opportunity Commission ("EEOC") issued to Plaintiff its Notice of Right to Sue (the "Notice"), permitting Plaintiff to file a civil action based on the grievances Plaintiff raised in her EEOC Charge No. 560-2019-00690 ("Charge 560"). A copy of Charge 560, along with Plaintiff's underlying July 18, 2019 Charge of Discrimination, is attached hereto as **Exhibit A**.

## Facts

### Background of Plaintiff's Employment

8. Plaintiff began her employment with Defendant in July of 2018.

9. Throughout her tenure, Plaintiff demonstrated exceptional work performance in her position as Defendant's Undergraduate College Transfer Representative and Head Coach of the Men's Volleyball Team.

10. During Plaintiff's employment, consistent with the guidelines pursuant to which she was hired, Plaintiff was given extensive responsibility and was afforded significant autonomy and support to perform all of her job duties.

11. During the first several months of her employment, things went well; Defendant had no complaints about Plaintiff's performance and Plaintiff was generally treated with respect and in a fair, non-discriminatory manner. In particular, Plaintiff enjoyed a respectful and productive working relationship with her primary supervisor, Ms. Jill Gebke, Defendant's Director of Admissions.

### Plaintiff Was Immediately Discriminated Against Upon Revealing Her Pregnancy

12. However, on or around November 1, 2018, Plaintiff revealed to Gebke that she was several months pregnant.

13. Later that same month, in November of 2018, Plaintiff was given medical restrictions due to her pregnancy being high-risk and due to certain pregnancy-related complications.

14. Beginning *immediately* after Plaintiff revealed her pregnancy to Gebke, and continuing to increase after Plaintiff reported that she was high-risk, Defendant's behavior towards Plaintiff changed noticeably.

15. Thereafter, and continuing until Plaintiff was constructively discharged, because of her

3

pregnancy (along with its disabling high-risk limitations), her age, and in retaliation for Plaintiff limiting her employment pursuant to Plaintiff's doctor's medical restrictions, Defendant began and continued a pattern of hostile-work-environment discrimination against Plaintiff, treating her markedly differently and in a drastically negative manner than Plaintiff was treated prior to Plaintiff revealing her pregnancy to Defendant.

16. In particular, Ms. Gebke, Plaintiff's direct supervisor, engaged in a campaign of discrimination against Plaintiff that included, *inter alia,* stripping Plaintiff of her job assignments, taking Plaintiff's recruitment "leads" from her, assigning Plaintiff tasks and requirements not assigned or required of any other similarly-situated employees, discussing Plaintiff's private medical situation openly during staff meetings, inappropriately in the presence of third parties, and, most egregiously, failing to accommodate Plaintiff's medical restrictions.

17. All of those adverse actions were taken against Plaintiff only *after* she revealed her pregnancy, as opposed to any time prior thereto. All of those adverse actions were also taken against Plaintiff despite Defendant not taking any such actions toward Plaintiff's similarly-situated colleagues at SLCOP, especially male employees and/or employees that were not pregnant.

18. Despite Plaintiff's complaining of the adverse and discriminatory manner in which she was treated compared to similarly-situated employees, Defendant did nothing to alleviate the situation and, instead, made the situation even worse following Plaintiff's complaints.

19. Finally, unable to bear Defendant's discriminatory treatment any longer, Plaintiff had no choice but to resign from her job, leaving Defendant's employment on March 21, 2019.

20. Due to Defendant's discriminatory treatment throughout the final months of her employment, Plaintiff was damaged in multiple and various ways, including the full loss of her employment which

4

she has not, to this point, been able to replace with similar employment.

## COUNT I: HOSTILE WORK ENVIRONMENT DISCRIMINATION

## IN VIOLATION OF TITLE VII

21. Plaintiff incorporates all preceding paragraphs as if set forth herein.

22. The Defendant's discriminatory actions, the creation and maintenance of a discriminatory hostile work environment, violated 42 U.S.C. §§ 1981 and 2000e *et seq.*, ("Title VII").

23. At all times pertinent to this matter, Defendant employed over 15 individuals.

24. As such, Defendant constitutes an "employer" under Title VII.

25. Plaintiff, who was over 40 years of age and pregnant at all relevant times (and is obviously female) was and is in a protected class under Title VII.

26. Plaintiff was discriminated against by being forced to suffer through a discriminatory hostile work environment in which she was, due to her pregnancy and disabling conditions thereof, and due to being a female over the age of 40, subjected to, *inter alia,* all of the behavior described *supra* herein, improper and discriminatory conduct and treatment that Plaintiff's similarly-situated co-workers were not subjected to.

27. Defendant did so knowingly and with a discriminatory motive, and with malice and/or reckless indifference to Plaintiff's rights.

28. As a direct result of Defendant's discrimination, Plaintiff has suffered pecuniary and emotional damage.

## COUNT II: WRONGFUL TERMINATION
## IN VIOLATION OF TITLE VII

29. Plaintiff incorporates all preceding paragraphs as if set forth herein.

30. Plaintiff's decision to leave her employment was the direct result of her finally being unable to tolerate the discriminatory environment Defendant created such that Plaintiff's leaving her employment constituted constructive discharge caused by Defendant; thus, her termination violated 42 U.S.C. §§ 1981 and 2000e *et seq.*, ("Title VII").

31. At all times pertinent to this matter, Defendant employed over 15 individuals.

32. As such, Defendant constitutes an "employer" under Title VII.

33. Plaintiff, who was over 40 years of age and pregnant at all relevant times (and is obviously female) was and is in a protected class under Title VII.

34. Plaintiff was discriminated against by being constructively discharged from her employment as a direct result of Defendant's illegal conduct.

35. No other similarly-situated employees were constructively discharged and/or terminated for similar reasons.

36. Defendant did this knowingly and with a discriminatory motive, and with malice and/or reckless indifference to Plaintiff's rights.

37. As a direct result of Defendant's discriminatory wrongful termination, Plaintiff has suffered pecuniary and emotional damage.

WHEREFORE, Plaintiff requests that this Court enter its judgment in favor of Plaintiff and against the Defendant on Counts I and II as follows:

a. that Plaintiff have and recover compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

b. that Plaintiff have and recover punitive damages in an amount appropriate to punish and deter Defendant's conduct, as aforesaid;

c. that Plaintiff have and recover her reasonable attorney fees pursuant to Title VII provisions; and

d. that the Court award Plaintiff such other and further relief as the Court deems just and necessary.

Respectfully submitted,

**DANIEL F. HARVATH, ESQ.**

By: /s/ *Daniel F. Harvath*
Daniel F. Harvath, #57599MO
**HARVATH LAW GROUP, LLC**
75 W. Lockwood, Webster Groves, MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com
*Attorney for Plaintiff*

Electronically Filed - City of St. Louis - December 16, 2019 - 07:40 PM

1922-CC12255

Electronically Filed - City of St. Louis - December 16, 2019 - 07:40 PM

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Gretchen D. Hand<br>12599 Ware Rd<br>Desoto, MO 63020 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2019-00690 | Damian Rodriguez, Investigator | (314) 539-7926 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_for_ Lloyd J. Vásquez, Jr.,
District Director

SEP 20 2019

*(Date Mailed)*

Enclosures(s)

cc:  **Daniel Bauer**
Director, Human Resources & Title IX Coordinator
ST LOUIS COLLEGE OF PHARMACY
4588 Parkview Place St.
St. Louis, MO 63110

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Electronically Filed - City of St. Louis - December 16, 2019 - 07:40 PM

Electronically Filed - City of St. Louis - December 16, 2019 - 07:40 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>560-2019-00690 |
|---|---|---|

Missouri Commission On Human Rights       and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Gretchen D Hand | (954) 881-4263 | 1978 |

Street Address: 12599 Ware Rd, USA, DESOTO, MO 63020

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| ST LOUIS COLLEGE OF PHARMACY | 15 - 100 | (314) 367-8700 |

Street Address: 4588 Parkview Pl, SAINT LOUIS, MO 63110

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-01-2018    Latest: 03-21-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

Im a female individual within the protected age group who was employed by the above referenced employer from July 2018, until I was constructively discharged on March 21, 2019. My last job title was Undergraduate College Transfer Representative / Head Mens Volleyball Coach. My last supervisor was Jill Gebke, Director of Admissions.

On or around November 1, 2018, I made Ms. Gebke aware of my pregnancy. Later that same month, I was placed on medical restrictions due to my high-risk pregnancy and pregnancy related complications. Thereafter, and continuing until I was constructively discharged, because of my pregnancy, disability, age, and in retaliation for engaging in protected activity, Ms. Gebke subjected me to various adverse actions that included, but were not limited to constant harassment, being stripped of job assignments, taking away my leads, assigning me tasks that were not required of anyone else, discussing my medical leave during staff meetings, and not fully accommodating my medical restrictions. I complained about the discrimination, but nothing was done. As a result, I was constructively discharged on March 21, 2019.

Based on the above stated reasons, I believe I was subjected to the above referenced adverse actions because of my sex (pregnancy), disability, age, and in retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Gretchen Hand on 07-18-2019 09:19 AM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

**SHERIFF'S FEE PAID**

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division: REX M BURLISON | Case Number: 1922-CC12255 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner: GRETCHEN HAND vs. | Plaintiff's/Petitioner's Attorney/Address DANIEL FRANCIS HARVATH PO Box 440393 ST LOUIS, MO 63144 | Special Process Server 2 |
| | | Special Process Server 3 |
| Defendant/Respondent: ST LOUIS COLLEGE OF PHARMACY | Court Address: CIVIL COURTS BUILDING 10 N TUCKER BLVD SAINT LOUIS, MO 63101 | |
| Nature of Suit: CC Pers Injury-Other | | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to:** ST LOUIS COLLEGE OF PHARMACY
**Alias:**
4588 PARKVIEW PL
SAINT LOUIS, MO 63110

*COURT SEAL OF CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**December 17, 2019**            _Thomas Kloeppinger_
_____    _____
Date                                              Clerk

Further Information:

#### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____          _____
                             Date                                          Notary Public

**Sheriff's Fees, if applicable**
Summons                 $_____
Non Est                    $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $   10.00
Mileage                    $_____ (_____ miles @ $._____ per mile)
Total                       $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## IN THE CIRCUIT COURT OF ST. LOUIS CITY,
## STATE OF MISSOURI

| | | |
|---|---|---|
| **GRETCHEN D. HAND,** | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1922-CC12255 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| **ST. LOUIS COLLEGE OF PHARMACY,** | ) | |
| | ) | |
| Defendant. | ) | |

### REQUEST FOR RE-ISSUANCE OF SUMMONS

Plaintiffs herein request the Re-Issuance of Summons for Defendant St. LOUIS COLLEGE OF PHARMACY. and that the Circuit Clerk appoint:

**(A qualified agent of) St. Louis City Sheriff's Office; Civil Process Division; Civil Courts Building – 8th Floor, 10 North Tucker Blvd., St. Louis, MO 63101.**

Please note that the Sheriff's Service Fee was already paid when this lawsuit was originally filed. Service did not occur due to pandemic, necessitating re-issuance of summons, for St. Louis City Sheriff's Office to serve the summons and petition in this cause on the below-named party:

**ST. LOUIS COLLEGE OF PHARMACY**
4588 Parkview Pl.
St. Louis, MO 63110

Respectfully submitted,
By: /s/ *Daniel F. Harvath* Daniel F. Harvath, #57599MO **HARVATH LAW GROUP, LLC**
75 W. Lockwood, Suite #1
Webster Groves, MO 63119**;** (314) 550-3717
dharvath@harvathlawgroup.com

Electronically Filed - City of St. Louis - September 29, 2020 - 01:55 PM

**SHERIFF'S FEE PAID**

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC12255 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>GRETCHEN HAND<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL FRANCIS HARVATH<br>PO Bcx 440393<br>ST LOUIS, MO  63144 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>ST LOUIS COLLEGE OF PHARMACY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Pluries Summons in Civil Case

**The State of Missouri to:** ST LOUIS COLLEGE OF PHARMACY
**Alias:**
4588 PARKVIEW PL
SAINT LOUIS, MO  63110

*COURT SEAL OF CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**October 20, 2020**
_____   _____
Date                                          Clerk  *(signed: Thomas Kloeppinger)*

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                           _____
Printed Name of Sheriff or Server                 Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____        _____
                                        Date                                    Notary Public

**Sheriff's Fees, if applicable**
Summons                                           $_____
Non Est                                                $_____
Sheriff's Deputy Salary
Supplemental Surcharge              $____10.00_____
Mileage                                              $_____ (_____ miles @ $._____ per mile)
**Total**                                              $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SHERIFF'S FEE PAID

11/19

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division: REX M BURLISON | Case Number: 1922-CC12255 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner: GRETCHEN HAND vs. | Plaintiff's/Petitioner's Attorney/Address DANIEL FRANCIS HARVATH PO Box 440393 ST LOUIS, MO 63144 | Special Process Server 2 |
| | | Special Process Server 3 |
| Defendant/Respondent: ST LOUIS COLLEGE OF PHARMACY | Court Address: CIVIL COURTS BUILDING 10 N TUCKER BLVD SAINT LOUIS, MO 63101 | |
| Nature of Suit: CC Pers Injury-Other | | (Date File Stamp) |

### Pluries Summons in Civil Case

The State of Missouri to: ST LOUIS COLLEGE OF PHARMACY
Alias:
4588 PARKVIEW PL
SAINT LOUIS, MO 63110

COURT SEAL OF CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

October 20, 2020                                    Thomas Kloeppinger
        Date                                                    Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☒ other: OBO Eric Knoll VP of operations w/MHO
Served at 4588 Parkview (address)
in St. Louis (County/City of St. Louis), MO, on 10-30-2020 (date) at 2:15 (time).

Richard Phillips 210                    [signature] 210
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)
My commission expires: _____  _____
                             Date              Notary Public

**Sheriff's Fees, if applicable**
Summons                                   $_____
Non Est                                   $_____
Sheriff's Deputy Salary
Supplemental Surcharge                    $   10.00
Mileage                                   $_____ (____ miles @ $____ per mile)
Total                                     $_____

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-14782   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**SHERIFF'S FEE PAID**

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division: REX M BURLISON | Case Number: 1922-CC12255 |
| Plaintiff/Petitioner: GRETCHEN HAND vs. | Plaintiff's/Petitioner's Attorney/Address DANIEL FRANCIS HARVATH PO Box 440393 ST LOUIS, MO  63144 |
| Defendant/Respondent: ST LOUIS COLLEGE OF PHARMACY | Court Address: CIVIL COURTS BUILDING 10 N TUCKER BLVD SAINT LOUIS, MO  63101 |
| Nature of Suit: CC Pers Injury-Other | |

Special Process Server 1
Special Process Server 2
Special Process Server 3

(Date File Stamp)

## Pluries Summons in Civil Case

The State of Missouri to: ST LOUIS COLLEGE OF PHARMACY
Alias:
4588 PARKVIEW PL
SAINT LOUIS, MO  63110

COURT SEAL OF CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

October 20, 2020
_____
Date

_Thomas Kloeppinger_
_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____ (address)

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____    _____
                              Date                Notary Public

**Sheriff's Fees, if applicable**
Summons                          $_____
Non Est                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge           $   10.00
Mileage                          $_____ (_____ miles @ $._____ per mile)
Total                            $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-14782    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo